**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QINFANG XUE,

No. 18-70775

Petitioner,

Agency No.
A202-195-384

v.

MERRICK B. GARLAND, Attorney
General,

MEMORANDUM[*]

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
San Francisco, California

Before COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner seeks review of a Board of Immigration Appeals (BIA) decision

denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we

deny in part and dismiss in part the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

The court reviews the denial of a motion to reopen for an abuse of discretion. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). Under that standard, the court must affirm the agency's denial of reopening unless the decision is "arbitrary, irrational or contrary to law." *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) (citation omitted). We review questions of law de novo. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

1. The BIA did not err by declining to reopen based on lack of notice. A motion to reopen due to lack of notice may be filed at any time. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2); *see Urbina-Osejo v. I.N.S.*, 124 F.3d 1314, 1317 (9th Cir. 1997). Although Petitioner did not receive the notice containing the date and time of her removal hearing, she does not dispute that she received a previous notice that advised her of the obligation to keep the Immigration Court apprised of any address change. *See* 8 U.S.C. § 1229a(b)(5)(B). Petitioner moved before the notice containing the further details of her hearing was mailed but did not update her address as instructed. By failing to apprise the Immigration Court of her new mailing address, Petitioner was not entitled to reopening on this basis. We deny the petition in this regard.

2. The BIA also did not err by finding that sua sponte reopening was unwarranted. The BIA's discretionary decision not to reopen sua sponte is unreviewable unless it was based on a "legal or constitutional error." *Bonilla v.*

2

*Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). No legal or constitutional error is evident in the record. Even if a due process argument qualifies as a legal or constitutional error, Petitioner does nothing more than recite the principles of due process without advancing a colorable argument that her due process rights were violated. And it is not apparent from the record that the agency failed to afford Petitioner a full and fair hearing. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). We therefore lack jurisdiction to review the BIA's discretionary decision not to sua sponte reopen Petitioner's removal proceedings, and we dismiss the petition in this regard.

3. Petitioner's remaining arguments are not properly before us. Starting with whether ineffective assistance qualifies as an exceptional circumstance to warrant reopening, Petitioner only made this argument before the agency and does not reassert this argument on appeal. The closest Petitioner comes to making this argument can be found in her statement of the facts: "Idea Immigration seriously prejudiced [her] case." She says nothing on ineffective assistance in her summary of the argument. Nor does she mention ineffective assistance elsewhere in her brief. Because Petitioner does not make this argument on appeal, she has waived it. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (concluding that an alien's failure to raise an issue in the argument section of the opening brief is

3

deemed waiver of the issue). But even if she had raised this argument before us, it would fail for the reasons articulated by the BIA.

As to Petitioner's argument that we should remand her case in light of *Pereira v. Sessions*, 585 U.S. 198 (2018), that argument is raised for the first time in this court without Petitioner previously exhausting this claim before the agency. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (holding that § 1252(d)(1)'s exhaustion requirement is a mandatory claim-processing rule that must be enforced when the Government properly asserts it). Even if this argument were properly before us, it would not counsel in favor of remand. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc). Although the original notice did not specify the date and time of the hearing, the subsequent notice contained this information. Petitioner would have received the subsequent notice had she kept the Immigration Court apprised of her current address, which she admitted changed prior to the mailing of the subsequent notice. Remanding this case would therefore not alter the fact that Petitioner failed to provide an updated address as advised in the original notice she received. We therefore deny the petition on these additional grounds.

**PETITION DENIED IN PART AND DISMISSED IN PART.**